UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRANDON S. LAVERGNE (#424229)**

**VERSUS**

**RANDY LAVESPERE, ET AL.**

CIVIL ACTION

NO. 21-344-JWD-RLB

ORDER

This matter comes before the Court on the plaintiff's Complaint (R. Doc. 1).

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against defendants Randy Lavespere, Cindy Park, Brady Boudin, and Jacob C. Johnson alleging deliberate indifference to his serious medical needs.

The statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings makes clear that the plaintiff is not entitled to proceed as a pauper in this case. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of the records of this Court reflects that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal court that have been dismissed as frivolous, malicious, or for failure to state a claim.[1]

---

1 A list of cases dismissed as frivolous or failure to state a claim by the district court include: *Brandon Scott Lavergne v. Advancial Federal Credit Union,* CV 13-2119-RTH-CMH (W.D. La.); *Brandon Scott Lavergne v. Laincy Vasseur Martinez,* CV 13-2121-RTH-CMH (W.D. La.); and *Brandon Scott Lavergne v. Claire Gianfala Higgingbottom,* CV 13-2122-RTH-CMH (W.D. La.).

An inmate who has had three prior "strikes," but nonetheless wishes to commence a new civil action in forma pauperis, must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm. *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998). An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical. *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future because he has been required to wear shoes that are the wrong size and are damaged is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).

The plaintiff does not assert that he was under imminent danger at the time of the filing of his Complaint. The plaintiff alleges that he has suffered from sleep apnea for many years, which worsened in 2018/2019 due to weight gain. He further alleges that he has been awaiting a sleep study since 2019. As such, the plaintiff alleges that he has gone without a CPAP machine for several years but makes no mention of any serious medical emergencies caused by the delay in obtaining this particular form of treatment. The facts asserted by the plaintiff fail to establish that he was under imminent danger of serious physical injury when he filed his Complaint. *See, e.g.*, *Staley v. Smalley*, No. 9:07-cv-1553-PMD, 2007 WL 2283647, at *2 (D.S.C. Aug. 6, 2007) (finding that plaintiff failed to show his medical condition placed him in *imminent* danger of physical injury where he had been without medication for a sustained period of time); *Schuett v. Wilson*, No. 3:17-cv-00102, 2017 WL 2569888, at *2 (E.D. Va. June 13, 2017) (finding no imminent danger where plaintiff had suffered from his health conditions for a lengthy period of time); and *Rogers v. Sterling,* 2:20-cv-1508, 2021 WL 195298 (D.S.C. Jan. 20, 2021) (finding

the plaintiff failed to make a showing of "imminent danger" as he had been without a CPAP machine for a substantial period of time since being diagnosed with sleep apnea but had not suffered any serious medical problems as a result). Accordingly,

**IT IS ORDERED** the plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $402.00, the full amount of the Court's filing fee. The filing fee must be paid in full in a single payment. No partial payments will be accepted. Failure to pay the Court's filing fee within 21 days shall result in the dismissal of the plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on August 23, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**