## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BRANDON S. LAVERGNE (#424229)**

**VERSUS**

**RANDY LAVESPERE, ET AL.**

**CIVIL ACTION**

**NO. 21-344-JWD-RLB**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 3, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424229)

VERSUS

RANDY LAVESPERE, ET AL.

CIVIL ACTION

NO. 21-344-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss filed on behalf of Defendants Dr. Randy Lavespere, Cindy Park, and Jacob Johnson (R. Doc. 35). The Motion is opposed. *See* R. Doc. 37.

The *pro se* Plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), filed this proceeding pursuant to 42 U.S.C. § 1983, complaining that his constitutional rights were violated due deliberate indifference to his serious medical needs. He seeks monetary and injunctive relief.

Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's § 1983 claims against them in their official capacities. Section 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, plaintiff's § 1983 claim against defendants in their official capacities for monetary damages are subject to dismissal.

Turning to Plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, Defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or

"naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as supplemented, Plaintiff alleges the following: After complaining for several years about sleep apnea, a sleep study was ordered in 2018. The plaintiff was seen by defendant Brady Baudin for a pre-study checkup, but a sleep study was not scheduled. In October of 2018, the plaintiff was placed in CCR which resulted in him gaining 40 pounds, which in turn worsened his sleep apnea. A sleep study was again ordered in 2019 but was never scheduled. The plaintiff filed a grievance which was granted by defendant Johnson in 2020. The plaintiff was then seen by defendant Baudin for another pre-study checkup, but a sleep study was not scheduled. The plaintiff was informed by Dr. Hal MacMurdo that, for an unknown reason, defendant Dr. Lavespere was blocking the plaintiff's sleep study.

On April 15, 2021, the plaintiff was told by defendant Park that she would make sure his sleep study was completed within two weeks. She called defendant Baudin but a sleep study was never scheduled. What defendant Park was trying to schedule was not an actual sleep study at a sleep center, but rather someone simply watching the plaintiff sleep.

Due to sleep apnea, the plaintiff would wake up coughing and gasping for air, and his vision is blurry. His heart rate and blood pressure increased. The plaintiff's memory and mental focus were also affected.

The plaintiff wrote several letters to defendant Dr. Lavespere and defendant Johnson asking for medical assistance. The plaintiff previously filed suit regarding a former warden's failure to allow the plaintiff to have a CPAP (continuous positive airway pressure) machine. Defendant Dr. Lavespere testified at the trial, and the jury found that the plaintiff's Eighth Amendment rights had been violated. The plaintiff asserts that it should have been clear to defendant Lavespere that denial of a sleep study is also a violation of the plaintiff's Eighth Amendment rights.

The plaintiff did not undergo a sleep study until January of 2022. The study was conducted by defendant Baudin, and the plaintiff wore a harness that measured his sleep position, breathing, heart rate, and oxygen levels while sleeping. Defendant Baudin informed the plaintiff that this method had been available for five years. On February 10, 2022, the plaintiff's results showed that he has obstructive sleep apnea. Defendant Baudin gave the plaintiff a VPAP (variable positive airway pressure) machine, which the plaintiff was able to wear and then sleep normally.

Defendants asserts that they are entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that Defendants' motion should be granted in part. Plaintiff's allegations, accepted as true, fail to state a claim for deliberate indifference with regards to defendants Park and Johnson.

### Deliberate Indifference

For there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106

(1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).

As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

In the instant matter the plaintiff alleges a delay in medical care. A sleep study was first ordered in 2018. Despite another order for a sleep study in 2019, and the granting of the plaintiff's grievance regarding a sleep study in 2020, the study was not completed until 2022. During this time the plaintiff alleges that he gained weight due to being housed in CCR, which worsened his sleep apnea symptoms. The plaintiff further alleges that he would wake up coughing and gasping for air, and his vision was blurry. His heart rate and blood pressure increased. The plaintiff's memory and mental focus were also affected. When a sleep study was finally conducted in 2022, which had been

available for at least five years, the plaintiff was diagnosed with obstructive sleep apnea. The plaintiff was issued a VPAP machine which finally relieved his sleep apnea symptoms.

As such, it appears that the plaintiff's sleep study was delayed for somewhere between three and four years. With regards to the delay, the plaintiff alleges action only on the part of Dr. Lavespere that can be characterized as a wanton disregard for the plaintiff's serious medical needs. The plaintiff alleges that Dr. McMurdo informed him that Dr. Lavespere was, for a reason unknown to Dr. McMurdo, blocking the plaintiff's sleep study. As a result of the delay, the plaintiff alleges to have suffered from coughing, gasping for air, blurry vision, increased blood pressure and heart rate, and memory/mental focus issues. Accepting the plaintiff's allegations as true, the plaintiff has stated a claim for deliberate indifference to his serious medical needs on the part of defendant Dr. Lavespere. *See Estelle*, 429 U.S. at 103 (Eighth Amendment applies even to "less serious cases, [where] denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose")[1].

With regards to defendants Park and Johnson, the plaintiff's allegations fail to state a claim for deliberate indifference to his serious medical needs. Both defendants, according to the plaintiff, acted in order to facilitate a sleep study for the plaintiff. The plaintiff alleges that defendant Park called defendant Baudin to schedule a sleep study, and that defendant Johnson granted plaintiff's grievance and ordered a sleep study. According to the plaintiff's allegations, the efforts of defendants Park and Johnson were blocked by defendant Dr. Lavespere. As such, the plaintiff has failed to allege any action or inaction on the part of either defendant that shows that either defendant

---

[1] *See also Thomas v. Mills*, 614 F. App'x 777 (5th Cir. 2015) (reversing dismissal of deliberate indifference claims based on defendant's failure to replace CPAP mask for over a five-month period); *Brenckle v. MacFay*, No. CV 17-13500, 2018 WL 9453549, at *2 (E.D. La. Nov. 2, 2018) (holding that plaintiff alleged a plausible deliberate indifference claim against prison official who denied plaintiff's requests for a CPAP machine); and *compare Fish v. Peters*, No. 13-cv-1698, 2015 WL 3439849 (D. Or. May 27, 2015) (plaintiff failed to state a claim for deliberate indifference where there was a steady progression from the first complaint of sleep apnea (December 7, 2012) to being issued a machine (July 26, 2013).

refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for his serious medical needs. Accordingly, the plaintiff has failed to state a claim for deliberate indifference to his serious medical needs on the part of defendants Park and Johnson.

### Informal Complaints

To the extent the plaintiff complains that defendants Johnson and Dr. Lavespere failed to respond to his correspondence, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings (including informal complaints) properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

### Injunctive Relief

In his Complaint the plaintiff requests as relief for defendants to be ordered to provide the plaintiff with a sleep study, and to issue him a CPAP machine if needed. The plaintiff's request for such relief is now moot. In his Supplemental Complaint (R. Doc. 23), the plaintiff states that a sleep study was conducted on January 20, 2022, and he was provided with a VPAP machine on February 10, 2022. As such, the plaintiff has now been provided with the relief requested and his request for injunctive relief is now moot.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that Defendants' Motion to Dismiss (R. Doc. 35) be granted, dismissing: (1) the plaintiff's claim for monetary damages asserted against the defendants in their official capacities; (2) the plaintiff's claim for injunctive relief; (3) the plaintiff's claims against defendants Cindy Park and Jacob Johnson in their entirety; and (4) the plaintiff's claim asserted against defendant Dr. Randy Lavespere for failure to respond to informal complaints. It is further recommended that, in all other regards, the defendants' Motion be denied, and this matter be referred back for further proceedings herein regarding the plaintiff's claim against defendant Dr. Lavespere for deliberate indifference, and the plaintiff's claims against defendant Brady Baudin.

Signed in Baton Rouge, Louisiana, on January 3, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**