## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BRANDON S. LAVERGNE (#424229)**

**VERSUS**

**RANDY LAVESPERE, ET AL.**

**CIVIL ACTION**

**NO. 21-344-JWD-RLB**

### OPINION

On April 17, 2024, the Magistrate Judge issued a Report and Recommendation (R. Doc. 122) recommending that the plaintiff's Motion for Summary Judgment (R. Doc. 115) be denied, and that the defendants' Motion for Summary Judgment (R. Doc. 118) be granted, dismissing the plaintiff's claims with prejudice. The plaintiff objected to the Magistrate Judge's recommended disposition on several grounds. *See* R. Doc. 123. The Court now makes a determination, de novo, as to the objected to portions of the Report and Recommendation as required by Federal Rule of Civil Procedure 72(b)(3).

### Relevant Time Period

Plaintiff's objection, in part, relies on events occurring as early as 2012. However, the sole grievance before the Court as well as the Complaint, as supplemented, pertain to events occurring in 2018 and later. In the plaintiff's grievance, filed on August 31, 2019, he relays the history of his prior litigation and states that he has not been treated for sleep apnea for 7 years. The plaintiff then specifically complains that a sleep study was ordered in 2018 and again in 2019 and had not yet been completed. As relief, the plaintiff sought a sleep study, a CPAP machine, compensatory damages, and injunctive relief. *See* R. Doc. 98-1, p 8.

In his original Complaint the plaintiff complains that he had not received a sleep study despite one being ordered in 2018. The plaintiff sought similar relief, except specified that he

was seeking monetary damages for the inaction of the defendants beginning in 2018. *See* R. Doc. 1. In his Supplemental Complaint, the plaintiff again complains that he was not given a sleep study despite orders for the same in 2018, 2019, 2020, and 2021. *See* R. Doc. 23. Despite the inclusion of some extraneous allegations, the claim before the Court is limited to 2018 until the plaintiff received a sleep study and CPAP machine in 2022. As such, the Magistrate Judge did not err in considering the defendants' actions during this period and not prior to this time.

### Dr. McMurdo's Statement

Plaintiff asserts that the Magistrate Judge wrongly concluded that the statement of Dr. McMurdo in the plaintiff's Affidavit/Declaration was not competent summary judgment evidence. "Hearsay is not competent summary judgment evidence, unless its proponent can show that the statement can be presented in an admissible form at trial." *Miller v. Michael's Stores, Inc.*, 98 F. 4th 211, 218. In *Miller,* the plaintiff slipped and fell in a Michael's store. In support of her Motion for Summary Judgment, Miller submitted an affidavit containing a statement from a Michael's employee about the placement and location of a floor mat and "wet floor" sign. The district court concluded that the statement was hearsay and was thus inadmissible at summary judgment. The Fifth Circuit concluded that the statement did not meet any exception to the hearsay rule and could not be made admissible at trial; therefore, the district court's exclusion of the statement was not an abuse of discretion. The Court additionally concluded that even if the statement was admissible based on a hearsay exception or could be made admissible at trial, it would still be inadmissible due to lack of relevance since the statement did not pertain to the condition of the floor where Miller slipped.

In the instant matter, plaintiff argues in his objection that Dr. McMurdo's statement is not hearsay, and that Dr. McMurdo will be called to testify at the trial of this matter. Even if Dr.

McMurdo's statement, that Dr. Lavespere was stopping the plaintiff from getting a sleep study after 2014, would be admissible based on a hearsay exception or could be made admissible at trial, the plaintiff offers no information about when the statement was made. As such, it may not be relevant to the time period to which the plaintiff's claims are confined. Regardless, as explained more fully below, the plaintiff has not shown that he suffered any substantial harm during the delay in obtaining a sleep study and CPAP machine.

### Substantial Harm

Plaintiff asserts that the Magistrate Judge wrongly concluded that the plaintiff did not suffer a substantial harm during the delay between 2018 and 2022. Specifically, that the Magistrate Judge failed to consider the plaintiff's exhaustion, headaches, body aches, and depression during this time. As noted in the cases cited by the Magistrate Judge, none of the plaintiff's physical or mental complaints constitute substantial harm. Substantial harms resulting from untreated sleep apnea are of the kinds noted in the articles attached to the plaintiff's Motion for Summary Judgment, for example cardiovascular disease and metabolic health problems like high blood pressure and stroke. *See* R. Docs. 115-19 and 115-21. As noted by the Court in *Edwards v. Abbett*, 2020 WL 6395454, (M.D. Ala. Nov. 2, 2020), "many risks from sleep apnea appear to be longer term: it increases the risk of several serious medical conditions, such as cancer, hypertension, and Type II diabetes. *See Sleep Apnea*, National Heart, Lung, and Blood Institute, National Institutes of Health (Nov. 1, 2020), https://www.nhlbi.nih.gov/health-topics/sleep-apnea." Though the delay in this matter is long, the plaintiff still suffered no substantial harm akin to the kinds noted above during the delay.

Compare *Zepeda v. Jeffreys*, 2022 WL 17551812 (S.D. Ill. Dec. 9, 2022) where the Court found that the plaintiff had stated a claim for the delay in conducting a sleep study and the

provision of a CPAP where the plaintiff sustained congestive heart failure due to the prolonged delay. In *Zepada,* the plaintiff similarly alleged that prior to entering custody he was diagnosed with sleep apnea and prescribed a CPAP machine. Upon intake he informed the medical staff of his condition and at the time of intake, the plaintiff's blood pressure was high. From August of 2018 through November 30, 2020, the plaintiff continued to have high blood pressure, as well as headaches, dizziness, heart palpitations, swelling in his legs, and difficulty swallowing. On numerous occasions he informed the defendants of his prior diagnosis and need for a CPAP, and that the CPAP would help control some of the symptoms he was having. Each defendant told him he would be referred for a sleep study, but Zepeda never received the study. In March of 2021, a sleep study was finally conducted which confirmed that the plaintiff had sleep apnea. However, by that time, the plaintiff was suffering from congestive heart failure due to the prolonged delay. *See also McDonald v. Gilyani,* 2020 WL 1169972 (E.D. Wis. Mar. 11. 2020) (plaintiff stated a claim for deliberate indifference due to being hospitalized for high blood pressure caused by untreated sleep apnea).

      Nor has the plaintiff alleged "unnecessary suffering ... inconsistent with contemporary standards of decency" that the Supreme Court had in mind when it developed the deliberate indifference standard. *Estelle v. Gamble*, 429 U.S. at 103. For example, severe chest pain due to a delay in receiving nitroglycerin may constitute substantial harm (*see Easter v. Powell*, 467 F.3d. 459 (5th Cir. 2006)), while a lengthy delay in failing to provide catheters does not where the plaintiff suffered no lasting complications (*see McGiffon v. Clayton*, 2009 WL 577721 (5th Cir. 2009). *See also Westfall v. Luna*, 903 F.3d 534 (5th Cir. 2018) (no substantial harm resulted from delay though plaintiff alleged she was moaning in pain due to a spinal injury while waiting for medical care, particularly where the plaintiff failed to allege more details as to the severity of her

pain.) Compare with *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415 (5th Cir. 2017) (plaintiff suffered substantial harm due to delay in receipt of pain medication for bruised or broken ribs where plaintiff alleged that he suffered a tremendous amount of pain.)

Additionally, at least one Court in this circuit has found that sleep apnea that is not severe does not even constitute a serious medical need. *See Hicks v. Wilkinson,* 2011 WL 2117609 (W.D. La. Apr. 28, 2011). In the instant matter, the plaintiff was diagnosed with mild, not severe, sleep apnea which the Court in *Hicks* noted does not always require a CPAP for treatment. Nevertheless, assuming that deliberate indifference resulted in a delay in the diagnosis and treatment of the plaintiff's sleep apnea, the plaintiff has not shown that he suffered a substantial harm due to the delay. Rather, the plaintiff complains only of symptoms of sleep apnea, none of which constitute a substantial harm.

After independently reviewing the entire record in this case and for the reasons set forth in the Magistrate Judge's Report dated April 17, 2024 (R. Doc. 122), to which an objection (R. Doc. 123) was filed and considered;

**IT IS ORDERED** that the plaintiff's Motion for Summary Judgment (R. Doc. 115) is denied, and that defendants' Motion for Summary Judgment (R. Doc. 118), is granted, dismissing plaintiff's claims with prejudice.

Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on May 9, 2024.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**